UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GORDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-02070-KJM-KJN  (PS)<br><br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On December 6, 2018, the court conducted a status (pretrial scheduling) conference in this matter.[1]  At the status conference, *pro se* plaintiff Mark Gordon appeared on his own behalf, and attorney Jason Ingber appeared on behalf of defendants.  After considering the parties' joint status

////

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

report (ECF No. 6) and the parties' representations at the status conference, the court issues the following pretrial scheduling order.[2]

NATURE OF THE CASE

Plaintiff commenced this action in state court, on June 26, 2018, and defendants removed this matter to federal court on July 30, 2018, pursuant to 28 U.S.C. §§ 1332 and 1441(b). (ECF No. 1.) Plaintiff brings claims of breach of contract, breach of covenant of good faith, negligent misrepresentation, and negligent interference with prospective economic relations, relating to the servicing of a mortgage secured by real property located in Placer County, California. (Id.)

Defendants deny any liability.

SERVICE OF PROCESS

All named defendants have been served and have appeared. No further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named defendants have answered plaintiffs' complaint. No further joinder of parties or amendments to pleadings are permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

To the extent that they have not already done so, the parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than **February 6, 2019**.

LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed by **September 12, 2019**. The word "completed" in this context means that all law and motion matters must be *heard* by the above date. Counsel and/or parties proceeding without counsel[3] are

---

[2] The court has made minor modifications to the parties' proposed scheduling deadlines based on the court's own availability and case management needs.

[3] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise

2

cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Newman generally hears civil motions on Thursdays at 10:00 a.m. This paragraph does not preclude motions for continuances, temporary restraining orders, or other emergency applications, for which the court may set a special briefing schedule, if necessary or appropriate.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All discovery shall be completed by **June 20, 2019**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Discovery motions must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules and must be heard not later than **June 13, 2019**. Judge Newman generally hears civil motions on Thursdays at 10:00 a.m.

////

---

referred to as appearing *in propria persona* or *pro se*.

3

1 | The parties are reminded that discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251. Additionally, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention prior to filing a discovery motion. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of a discovery motion.

Additionally, the court strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/. Additionally, subject to the court's availability, the court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

EXPERT DISCLOSURES

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **May 6, 2019**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **June 10, 2019**. Expert disclosures shall be filed with the court

and served upon all other parties.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

FURTHER SCHEDULING

The court will set a Final Pretrial Conference date after the resolution of any dispositive motions, or passage of the dispositive motion cutoff, with a trial date being determined at the pretrial conference. The parties should be prepared to confirm a trial date within 60 to 120 days from the date of the final pretrial conference, and should be available for trial accordingly.

SETTLEMENT CONFERENCE

A settlement conference may be scheduled by the court at the final pretrial conference. Nevertheless, if the parties at any point determine that an earlier settlement conference would be beneficial, they shall file a stipulation and proposed order for the court's consideration.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

IT IS SO ORDERED.

Dated: December 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE